Tilghman C. J.
(After stating the case.) By the 6th section of the “ act to regulate arbitrations and proceedings in “courts of justice,” passed 21st March, 1806, “when there is “any informality in the declaration, which, in the.opinion of “ the Court, will affect the merits of the cause, the plaintiff “ shall be permitted to amend his declaration, on, or before “ the trial; and if, by such amendment, the defendant is sur- “ prised, the trial shall be postponed until the next Court.” This act, being intended to facilitate the administration of justice, has always received a liberal construction: We have, indeed, refused to permit a total alteration of the cause of action ; as in the case of Shock v. Machesney; .where the plaintiff, after his action, had been several years depending, asked leave to convert an action of slander into an action for a malicious prosecution. But leave has been repeatedly given, ta amend, after the jury were sworn, and all alterations and amendments have been permitted which were necessary to *360 cover the merits of the plaintiff’s case, without .substantially varying the ground of action. By the ground of action I mean the matter expressed as the cause of action. In the present instance it does not appear that this matter has been changed. In the first declaration the plaintiffs complained •that the defendants had sold a quantity of wheat and rye to Robinson, who sold it to them; and that the defendant hindered them from entering on the land, and cutting and carrying away the grain; and further, that the defendants converted it to-their own use. The same complaint is made in the last declaration, with some additional circumstances, viz-that the defendants delivered possession to Robinson, and that Robinson delivered possession to the plaintiffs. It is the same transaction in substance, and the act of assembly would be of little use, if it did not authorise the amendment which •was here permitted.
It is objected .on the part of the plaintiffs in error, that trover and trespass are joined in this declaration. But that is not the case. There is no express trespass alleged; but it is said that the facts amount to a trespass. The plaintiffs did not consider it as a trespass; and if the Court are to exercise their ingenuity in criticising the declaration, it is their duty to support the judgment if possible, the cause having been tried on its merits. The plaintiffs have complained of no violence, or any force applied immediately to their property. But they say, that the defendants did not permit them to enter the farm of Wilson, to cut and carry away their grain, bqt prevented them from ‘so doing. Surely this prevention does not necessarily imply a trespass. Might they not have forbidden them to enter on the land, and would not this have been a prevention. The criterion of trespass, is force .directly applied; but this declaration contains no allegation of force so applied. No trespass, therefore, is alleged. It may be asked, of what nature then, is the injury complained of? It consists partly of breach of contract, and partly of that kind of wrong which is termed misfeasance, and to which not guilty is the proper plea. This complaint then, may very properly be joined with trover, because in both, the process,, the plea, and the judgment are the same.
The charge of the Court is said to be erroneous.' The president told the jury “ that if the defendants sold and deli.vered the grain to Robinson, and Robinson sold and de- *361 “ Ilvered it to' the plaintiffs, and the defendants took it From “ and prevented plaintiffs from using it, then the defendants “are liable; otherwise'not.” The objection is, that if the defendants took the grain from-theplaintiffs, it was ¿'trespass. But would that prevent the defendants from being liable? ‘Is there not a cpunt in trover, and may not the plaintiffs wave the trespass and recover in trover. 'The charge of the Court is to' be applied to the. whole case; and undoubtedly on the issues’joined, the plaintiffs were entitled to a recovery, though the evidence proved both a trespass and a conversion of the property to the use of the defendants. . ' , ,
"' One more question remains to be considered. Was John Robinson a competent witness ? It was he who purchased the grain of the defendants, and sold it to the plaintiffs. It is objected that it is against policy, to permit a' man to prove a contract made by himself. But if he is disinterested at the time of his testifying, there is no rule of la,w which affects his competency. If he stands under suspicious circumstances, the jury must judge of his credit. A bankrupt is admittedto prove' contracts made by himself, because he has no longer an interest. A man who has sold and conveyed land without warranty, is a' witness to establish the title which he has conveyed; and ¿ release from the vendee makes him a witness, even where he Has conveyed with' warranty. Interest is the criterion of competency. Robinson had a release from the plaintiffs; so that in ho event was he liable to an action by them; and as to the defendants, if they could support an action against him for the price of the grain, that action would not be taken away by the plaintiffs’ recovery in this suit. Nay, such recovery would rather tend to induce the defendants to bring suit against Robinson; so that if he swore in favour of the plaintiffs, it would seem to be against his interest. There was nothing, therefore, to prevent his being a witness.
Upon the whole of this case, I am of opinion that the judgment should be affirmed.