Duncan J.,
delivered the opinion of the Court.
Whether, on the evidence, the plaintiff has made out an injury for which action on the case, or trespass vi et armis, is his remedy, is often a very nice and difficult question ; but whether his declaration states a grievance, for which the one or the other is the proper form of action, is not so difficult to decide. After verdict, it must be considered that all the facts the plaintiff has stated in his declaration, and all the consequences he has laid as arising from those facts, are established ; and the general question is, whether, on the face of his declaration, he has stated sufficient matter to support this action for consequential damages.
It is the law, that where several matters are laid in the same count, part of which are not actionable, or not actionable in the form laid, if there are sufficient facts laid to support the action, it will be intended after verdict, that damages only were given'for such as are properly laid. And although Courts will not look with the eyes of the eagle to discover errors in a judgment^ yet, as was said by Sir William Blackstgnr, in, the leading case on this subject, the noted squib cáse, Scott v. Shepherd, 3 Wils. 410, they will not like some other birds'shut-out'the light. It is the duty of the Court, without exercising ingenuity in criticising a declaration, to support a verdict if possible, the cause having been tried on its merits. Smith et al. v. Rutherford et ah, 2 Serg. & Rawle, 360. It is not my intention to go through and comment' on all the cases which the researches of the counsel have furnished, but to sum up and draw the conclusion from all of them together. The distinction is well settled, however,}udges may have differed in its application to particular cases, that if the injury be occasioned by the act of the defendant, or the defendant be the immediate cause of the injury, trespass vi et armis is the proper action ; but where the injury is not direct and immediate, but consequential only, *349 case; or as is strongly expressed by the Chief Justice in Smith v. Rutherford, before cited, the criterion of trespass is force directly applied. The leading case is Scott v. Shepherd, 3 Wils. 403, and 2 W. Bl. 844, and this case, it is said, has gone to the very limits of the law. The opinion of Sir Wil-Liam Blackstone, although he stood alone in the principal case, has ever since prevailed, that the unlawfulness of the original act was not the true criterion ; but the true distinction was, whether the injury was immediate or consequential, and trespass never lay for the latter; and De Grey, Chief Justice, agreed with him in the principle, but differed in its application, and further said, that the question was, whether the injury was received by the plaintiff by force from the defendant, or whether it was received from a new force by another ; the vis impressa must continue, or it cannot be trespass; if a new.impetus be given by another, the consequences are, in their nature, consequential damages ; but if all which happened subsequently are continuations of the first act, then it is trespass. The invariable principle to be collected from all the cases, is, that where the injury is immediate on the act done, then trespass lies, but where it is not immediate, but consequential, the remedy is case.
The discrimination is clear, however difficult it may be to apply it, and however differently it may have been applied to particular cases on the evidence. The intelligible criterion is, whether the injury complained of arose directly or followed consequentially from the acts of the defendants. The line of distinction is very accurately drawn by Chief Justice Spencer in the late case of Percival v. Hickey, 18 Johns. 257.
What is the grievance here complained of, and for which the plaintiff seeks redress ? It is not the imprisonment immediately procured by defendants, or his confinement in any French prison or ship; these are the inducements, not the grievances; but it is because the defendants placed him forcibly, and against his will, on board a French ship, to be conveyed in that vessel, sailing under French colours and command, for and towards France; and that by reason of the sailing and proceeding under such colours and command, this vessel was liable and subject to be taken and captured by the enemies of France, and was taken and captured by a British ship, Great Britain then being at war with France, and the plaintiff being .taken and found on board the said vessel under *350 foreign colours and command, was treated as an enemy and prisoner of war, and confined and deprived of his liberty for a long time, by reason whereof he was damnified, &c. The captivity and confinement of the plaintiff, as a prisoner of war, were not the immediate and direct force of defendants, but occasioned by a new force from another. This gave the plaintiff no action of trespass against the captors ; it was an act of power by a foreign State, committed on one taken in an enemy’s ship on the high seas ; he was a prisoner taken and confined, jure belli. Trespass would not lie against the agents of this power; it would not, therefore, lie against the defendants, tracing it up to them as the cause of it, because the principal act done is, in itself, no trespass. Rafal v. Verlst et al. 2 W. Bl. 985. If the principal be not liable for a trespass, he who counsels, aids, and assists him cannot. Vaughan, 553. It would necessarily follow, that for this capture and detention, the defendants could not be liable as trespassers, because the act itself was not a trespass, and because this consequence of their act of force was not immediate,but quite remote and collateral. It could not be given in evidence under the alia enormia, or if laid as special damage. He must then have this right of action, or for this injury he is without redress. But this form of action was intended for the very reason, that the law never would suffer an injury and a damage without a remedy, and there must be new facts in every special action on the case, Winner v. Greenbush, Willes, 577. Is there any authority for the position, that where a consequence arises from an act of force, this action will lie? There is; for in Bourden v. Alloway, 11 Mod. 180, it is said by Powell, and assented to by Powis and Gould, that if a man, by being imprisoned, should have a special damage, as forfeiting a recognizance, or that he could not appear on such a day, per quod he was damnified, this must be case. And Sir William BLACKSTONE,in 1 W. Bl. 895, Scott v. Shepherd, cites this opinion as an authority to support the position, that case will sometimes lie for the consequences of an unlawful act. Its novelty is no objection, for torts are infinitely various, not limited or confined ; they assume various forms, and there is nothing in nature which may not be converted into an instrument of mischief. Pratt, Chief Justice, when the objection was made to the first action on the case for falsely and maliciously suing out a commission of bankruptcy against the de *351 fendants, said, novelty was urged against the action in Ashby v. White, but he did wish never to hear it again. Chapman v. Pickersgill, 2 Wils. 146. In actions on the case, for torts such as this, it is not necessary to lay the act to be done maliciously; the word, wrongly, is held tobe sufficiently expressive of a malicious intent, 1 Sand. 242, a, note 2.; where there is an ' allegation of a contrivance to aggrieve, and the act is said to be done forcibly and against the will of the plaintiff.
My first impression, I am free to own, was in affirmance of the judgment of the District Court; but it has been removed by a critical examination and minute analysis of the declaration; and my mind finally settled down in a conviction, that case, and no other action for this special damage could be supported ; and that, however multifarious the declaration máy be, it contains one injury, from which consequential, and not direct, damage arose, which was properly the subject of an action on the case. The judgment is reversed 5 judgment to be entered on the verdict for the plaintiff, and the record remanded for execution.
Judgment reversed.