CahutheRS, J.,
delivered the opinion of the Court.
The defendant was summoned before a justice of the peace of Knox “ to answer the complaint of Martha Luttrell, of a plea of trespass on the case, for cutting timber on the land of said Martha, to her damage fifty dollars.” The justice found the defendant guilty, but on appeal' to the Circuit Court he succeeded, and the case is here by appeal in the nature of a writ of error.
All the facts in relation to the act of trespass are stated by witness Gardner, who says, “ That he cut some timber on the side of the hill towards Mrs. Luttrell’s, from the paper mill; he was there in the employment of defendant, Hazen, who pointed with his hand in the direction, and told witness to go there, and cut the timber. Witness said to Hazen, “ I don’t know where your lines are, and may-be I may go over on somebody else’s land.’ Hazen said, £ No, I reckon not.’ Hazen had land there. I cut a pine tree which was about a rod over Hazen’s line, as it was afterwards shown to me, and on Mrs. Luttrell’s, that is, running- the line to the corner claimed by her; but if run to the other corner claimed by Ha-zen, it would be on his side. The pine tree was taken to defendant’s mill, and used as a shank, but does not know that ever Hazen saw the tree after it was cut.”
The main object of this suit seems to be for the settlement of the line and corners between the parties, for which purpose surveys were made and proof introduced. The defence here is placed upon the *22 ground that under the circumstances the defendant is not liable as a trespasser, for the act of his agent, or servant, because the latter transcended his authority in passing over the true line, and the act was unauthorized, nor is the agent, because of his ignorance of the location of the line. The case is argued upon the principles of law governing actions of trespass with force and arms, notwithstanding it is denominated in the warrant an action of trespass on the case. The act of 1850, ch. 141, provides: “That in all cases, where an aetion of trespass would lie, by the existing law, it shall be lawful to bring an action of trespass on the case, or trespass, at the election of the party.”
This was intended, and perhaps does to some extent, relieve the Courts from the perplexity of distinguishing between the two actions in cases where the distinction is almost invisible to the keenest judicial vision. Then, whether the facts make out a case of trespass vi et annis, or, trespass on the case, the action is well brought, provided it be in the latter form, because that is by force of the statute applicable as a remedy for a test of either kind, according to the classification of the books. It does not change the character of the wrong for which damages are sought, but only the form of the remedy. It will be observed that the action of trespass' is not enlarged in its operation, — it will only lie where it did before the act, and cannot be substituted for case. But in the present case it is not necessary to not ico further the changes in the law that this act may have made; it is enough for our present purpose that case *23 may now be adopted as the form of action, to recover damages for all injuries that could only be redressed before, by ah action of trespass — that they are, in such cases, concurrent remedies.
The contest in the case now before us is, whether the facts proved amount to a trespass in law, and if they do,, whether the defendant is liable for the act of his agent or servant under the circumstances.
1st. There can be no doubt but that the acts proved constitute a trespass. The land of the plaintiff was entered upon without her authority, and her timber cut down and taken away. It was a double trespass — by Gardner first and then by the servants who entered upon the land for the timber. Any physical force, however slight, against the person, or possession of another, without regard to the motive, if unauthoi’ized by the law, is in itself and essentially a trespass, and the gist or gravamen of an action of trespass vi et armis. “ The criterion of trespass, says Ch. J. Tilghman, in 2 Serg. & Rawle, 358, “ is force directly applied.” In this case, Gardner says he did not know he was over the line. That can make no difference. This action lies where an immediate injury is committed with force actual or implied, no matter how unintentional the trespass, and though the land were unenclosed. 1 Chitty, 178. In the same authority, page 129, it is said, “ Nor is the motive, intent or design of the wrong-doer towards the plaintiff the criterion as to the form of the remedy, for where the act occasioning the injury is unlawful, the intent of the wrong-doer is immaterial.” The intention to trespass need not concur in the act that *24 occasions the injury, for if it be forcible and immediate, it is a trespass, without regard to the intention or knowledge of the perpetrator or his employee. It was then, clearly a trespass in Gardner; but is the defendant, his employer, or principal, liable, or is it a case where the maxim, “That the superior is responsible for the act of his servant, or agents, applies ?”
The charge of the Court was: 1st, That a dower title with possession would authorize the bringing of an action for a trespass upon the dower tract. This is not objected to and is certainly correct. 2d, The rule and conditions of defendant’s liability is thus laid down: “ If the tree cut is found to have been within her lines she is entitled to recover damages, if the jury shall believe the trespass was committed by the defendant, or by his hands, or agents with his knowledge, or by his direction. If, however, the defendant did not direct, or procure the cutting of the timber, nor know of its being done, but the same was done by his servants, without his knowledge or consent, then he would not be liable to an action of trespass. That the simple fact of the tree having been hauled to his mill, and used, would not of itself, support an action of ‘trespass,- but that fact might be looked to, on the question of the perpetration of the act of trespass by 'defendant or agents.”
'The doctrine of the charge is that the superior is not responsible for the trespasses of his subordinates acting for him, unless he has directed the acts complained of to be done, or had knowledge of the facts at the time; or in other words, if the acts were not done by the. “ direction or procurement” of the princi *25 pal, but without his “knowledge or consent,” then he would not be liable, although he received and appropriated to his own use the fruit of the trespass, with full knowledge of its commission.
We think this charge is erroneous with reference to the facts before the jury, and might and probably did ' mislead them. Independent of the relation of master and servant or principal and agent, he who directs, counsels or procures another to commit a tort would be liable as a principal. But where this relation exists, as in the present case, it is not necessary that the principal or master should expressly direct or have knowledge of_ the act done; it is enough; that the servant or agent was acting in the business* of his superior. It is true, that when the servant departs from the business for which he is employed, and does a wrong, the master is not liable. But in that business he is but the instrument of the master, and while acting in the scope of the business, it makes no difference whether the injury done was the effect of negligence or wilfnlness of the servant. Story on Agency, 574-5, note. If the act is the result of the want of due care and control on the part of the master, he is responsible. Proper care to prevent injury to others must be taken. In this case, the employee was directed to cut timber in a certain direction, and in the execution of that order committed a trespass on the land of another. The line of defendant’s land was not pointed out, though request was made by the servant to that effect. This was a case of carelessness if not recklessness on the part of defendant, and it will not do for him to *26 say, after the wrong is done, that he did not know that it would occur, and therefore he should be excused.. He would not, perhaps, be liable under the facts stated upon the principle of the adoption of the act after it was dons ; this would require, as stated by the Court, a full knowledge of the wrong having been perpetrated. But he would be clearly liable upon the first ground stated above. It was his act in law to -all intents and purposes, and the maxim of the responsibility of the superior clearly applies.
The judgment will be reversed and a new trial granted.